.No. ——

First Circuit

CLARK v. ALFORD

(February 12, 1927. Opinion and Decree)

(*Syllabus by the Editor*)

1. Louisiana   Digest—Prescription — Par.
107.

Under Article 3538 of the Civil Code the
balance due on an open account is pre-
scribed by three years.

2. Louisiana Digest—Payment—Par. 11.

Where payment is made on an open ac-
count with cotton, which was not sold
by the payee until two years later at
a smaller price, the payment was made
at the price of the cotton at the time
delivered, the delay in the sale of the
cotton being due to no fault of the one
who made the payment.

Appeal from the Parish of St. Helena.
Hon. Columbus Reid, Judge.

Action by W. L. Clark, Jr., against
W. C. Alford.

There was judgment for defendant and
plaintiff appealed.

Judgment affirmed.

Purser & Magruder, of Amite, attorneys
for plaintiff, appellant.

Robert Carter, of Greensburg, attorney
for defendant, appellee.

MOUTON, J.   Plaintiff alleges that he
sues for the sum of $207.87, balance due
on an open account, beginning February
20, 1920, closed June 20, 1922, for money
advanced at divers times and for overpaid
balances on shipments of cotton during
the year 1922.

Defendant first interposed the plea of
prescription of three years as a bar to the
demand; and thereafter filed an answer in
which he pleaded payment after making
due reservation of his plea of prescription.
The district judge rejected the demand,
and without saying on which of the two
defenses he rested his judgment. A motion
filed for a rehearing indicates, however,
that the judgment rendered below was
grounded on the plea of prescription.

The petition of the plaintiff is mislead-
ing, as it is therein alleged that the bal-
ance claimed is on a running account which
began February 20, 1920, and closed June
20, 1922. The account, which is annexed
to the petition, shows that the suit is for
$100.00 loaned defendant February 20,
1920; $30.00 loaned July 13, 1920; and an
item of $96.35 for ties and bagging in an
invoice of July 16, 1920. Against the total
of the foregoing items the account recog-
nizes a credit in favor of plaintiff for
$8.56 of date January 31, 1920. In what
plaintiff terms closing his account, he
strikes as of June 20, 1922, a balance in
his favor of $207.87, including interest.
There is, however, on the account no item
for money loaned on articles sold after the
date to which we have hereinabove re-
ferred, that is, July 16, 1920. The proof
shows that in the latter part of 1919 de-
fendant had consigned two bales of cotton
to plaintiff for sale, one weighing 546
pounds and the other 585. Plaintiff sold
one of these bales at 40 cents, which was
applied to his account at that time, leaving
a balance of $8.56 in his favor. Plaintiff
sold the other bale in June, 1922, for $48.00,
and applied the sum so received to the
items which were advanced defendant to
July 16, 1920, as above stated; and in
closing his account plaintiff struck a bal-
ance as of June 20, 1922, because of the
application by him of the $48.00 received

at that time for that bale of cotton. Defendant testified that, in 1920, he directed plaintiff to sell the bale that was left over, which the evidence shows would then have been amply sufficient to pay his account in full; that he told plaintiff if he did not follow his instructions and sell that bale, he would consider him paid for his advances. In this respect he is corroborated by the testimony of a witness who heard the conversation between defendant and plaintiff on this subject. It is therefore obvious that when plaintiff sold that cotton in June, 1922, and applied the amount received for it to the account of defendant, it was without the latter's knowledge and consent. As we have before stated, for the foregoing reasons the petition is misleading when it alleges that the balance claimed was for advances at divers times and for overpaid balances on shipments of cotton during the year 1922.

The last item on the account was for money loaned, ties and bagging sold on July 16, 1920.

This suit was brought in June, 1924, nearly four years from the last item carried on the open account sued upon. The account being for money lent and advances made, was prescribed in three years. C. C. Art. 3538. As there is no plea or evidence to show that the account was in any way acknowledged so as to interrupt prescription or to take it out of prescription, the plea should have been maintained.

Besides it is shown that had plaintiff obeyed the instructions of defendant to sell the cotton at the time they were given, the proceeds which would have been received at the prices then prevailing would have been more than sufficient to pay the account. Instead of following these instructions plaintiff allowed about two years

to elapse, and then sold at 18 cents a pound, and got only $48.00 for the cotton. Plaintiff was told by defendant that if he did not then sell he would consider him paid for his account. If plaintiff had complied with these instructions he would have been more than paid, and it must therefore be held if his claim was not satisfied it was the result of his own fault, and that defendant is entitled to be sustained in his plea of payment.

The judgment is correct on either of the two pleas.